UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY W. GRIESE and
LINDA K. GRIESE,

    Plaintiffs,                              CASE NO.  04-CV-10220-BC

v.                                            DISTRICT JUDGE DAVID M. LAWSON
                                                 MAGISTRATE JUDGE CHARLES BINDER

BAUER CORPORATION,
FASTENAL COMPANY and
STRNAD RIVET COMPANY,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST STRNAD RIVET COMPANY**
(Dkt. 57)

I.    **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Application for Entry of Default Judgment Against Strnad Rivet Company be **GRANTED**, and that the Court enter a Judgment for Plaintiffs and against Defendant Strnad Rivet Co. in the amount of $1,250,000.

II.    **REPORT**

    A.    **Introduction**

Pending, in this products liability action, pursuant to an order of reference from United States District Judge David Lawson, is the above-entitled application filed April 24, 2006. No response has been filed by Defendant Strnad. A hearing was held on June 13, 2006, and no

representative from Strnad appeared. The matter is therefore ready for Report and Recommendation.

### B. Procedural History

Plaintiff originally filed this action in the Bay County Circuit Court in August 2004. The case was subsequently removed to this Court by Defendant Bauer Corporation. In February 2005, the parties stipulated to the filing of an amended complaint which added Strnad Rivet as a party Defendant. The parties then undertook facilitative mediation, which yielded agreements to settle Plaintiffs' claims against the Defendant Bauer Corporation for $150,000 and those against Fastenal for $100,000. The case was then closed. (Dkt. 52.) In early April 2006, Judge Lawson granted Plaintiffs' request to reopen the case, and a Clerk's entry of default was entered against Defendant Strnad. (Dkts. 55, 56.) The instant application followed four days later.

### C. Analysis

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs the entry of a default judgment by the court. The subsection provides, in pertinent part, as follows:

> [T]he party entitled to judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom the judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . .

FED. R. CIV. P. 55(b)(2).

2

**1.    Jurisdiction**

In order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties, and must act in a manner consistent with due process. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105 (6th Cir. 1995). A district court must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case. The failure to do so requires reversal. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767 (10th Cir. 1997).

Diversity jurisdiction is the basis for the Court's authority to act in this case. Under these circumstances, jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute, and if the exercise of personal jurisdiction does not deny the defendant due process. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Michigan's long-arm statute provides that any of the following relationships between a party and the state will provide a sufficient basis upon which a court of record may exercise limited personal jurisdiction:

(1) The transaction of any business within the state.

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of real or tangible personal property situated within the state.

(4) Contracting to insure a person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

>  (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
>
>  (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

MICH. COMP. LAWS § 600.075.

The Michigan Supreme Court has determined that this state's long-arm statute confers the broadest possible grant of personal jurisdiction consistent with due process. *Sifers v. Horen*, 385 Mich. 195, 198-99, 188 N.W. 2d 623 (1971). In order to comply with the due process clause, a plaintiff must establish that significant minimum contacts exist sufficient to satisfy "traditional notions of fair play and substantial justice." *The Sports Auth. Michigan, Inc. v. Justballs, Inc.*, 97 F. Supp. 2nd 806, 810 (E.D. Mich. 2000) (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945). In this circuit, three criteria must be met before a court will exercise personal jurisdiction: (a) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (b) the cause of action must arise from the defendant's activities there; and (c) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.* (quoting *Kerry Steel Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997). A showing of purposeful availment is essential. *Id.* at 811 (citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir.1989)). Under these principles, I suggest that the Court possesses jurisdiction over Defendant Strnad under at least MICH. COMP. LAWS § 600.75(2) as it undertook actions resulting in consequences in this state which underlie the instant tort action. I further suggest that Strnad purposefully availed itself of

4

the privilege of acting in Michigan and that its actions have sufficient connection to this state. I therefore suggest that the Court may entertain the default sought by Plaintiffs.

**2.      Appearance/Notice Requirement**

"If the party against whom the judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application . . . ." FED. R. CIV. P. 55(b)(2). The Court record reflects that no appearance has been filed by, or on behalf of Defendant Strnad. Plaintiffs' counsel has endeavored, however, at least to have contact with an attorney said to represent Strnad. Documents accompanying Plaintiffs' application indicate that in late April 2006 counsel for Plaintiffs forwarded correspondence to an attorney said to be the resident agent for Strnad and in the state of Illinois. In a letter dated May 15, 2006, the attorney notified counsel for Plaintiffs that Strnad Rivet, Inc. had been dissolved and requested that Plaintiffs' counsel "kindly refrain from forwarding correspondence to my attention in this matter as a resident agent of Strnad Rivet Inc., since this office no longer acts in that capacity[.]" (Correspondence Accompanying Plaintiffs' Application).

There is authority for the proposition that a defendant need not respond directly to a complaint in order to have "appeared in the action" for purposes of FED. R. CIV. P. 55(b)(2). Legal policy generally disfavors judgments by default, and courts have gone to considerable lengths to impose the requirement that notice be given of an application for a default judgment. *See* 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2686. The commentators compare two cases in which no formal response to a complaint was filed with the court, despite direct communications between the parties in an effort to resolve their dispute. In *Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir. 1970), the court

held that the exchange of letters constituted an appearance for purposes of the rule on default judgments. In *Port-Wide Container Co. v. Interstate Maint. Corp.*, 440 F.2d 1195 (3rd Cir. 1971), the court held that oral and written communications between counsel for the parties in an effort to settle a dispute did not constitute an appearance. In *Livermore*, no notice whatsoever was given to defendant regarding plaintiff's application for default judgment. In *Port-Wide*, plaintiff had delivered a letter to defendant containing notice that he would apply for default judgment if no answer was filed with the court within a specified time.

The facts of the case before this Court are more consistent with those presented in *Port-Wide*. On January 3, 2006, Plaintiffs' counsel notified Strnad of his intent to proceed, and in response received an unequivocal indication that Strnad had received notice of Plaintiffs' action and intended to do nothing in response. Not every effort at informal notice need be considered an "appearance" for purposes of Rule 55(b)(2), *see Heleasco Seventeen, Inc. v. Drake*, 102 F.R.D. 909, 912 (D.C. Del. 1984), and under these facts, I am fully satisfied that Defendant Strnad is properly subject to default for failing to respond to the complaint.

   **3.   Liability**

When a defendant is in default, the well pleaded factual allegations in the complaint, except those relating to damages, are taken as true. *Thomson v. Wooster*, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1885); *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110-11 (6th Cir. 1995). Rule 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect. *See* 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688. This Court should accept as true all factual allegations contained in the federal claims asserted in Plaintiffs' complaint. If those allegations are

sufficient to support a finding of liability as to each defendant on the claims made against them, the Court should enter judgment.  As to Defendant Strnad, Plaintiffs' amended complaint alleges that Defendant Strnad manufactured rivets which were susceptible to stress corrosion cracking and which posed an unreasonable risk of harm.  The complaint alleges that Strnad failed to properly inspect its rivets, including those sold to Defendant Bauer, and that these acts, including Strnad's failure to warn purchasers that its rivets were manufactured with an alloy susceptible to stress corrosion cracking, constituted negligence and were a proximate cause of Plaintiffs' injuries and damages.  Under the law summarized above, these facts are sufficient, I suggest, to support a finding of liability against Defendant Strnad.  I therefore further suggest that the consideration of the proper measure of damages against Defendant Strnad is appropriate.

**4.     Damages**

In the application, Plaintiffs seek the award of $1,500,000 against Defendant Strnad.  At the hearing, counsel for Plaintiffs presented documentation and testimony in support of this request, stating that it was comprised of two elements; pain and suffering, and economic damages.  As to the former, Plaintiff testified that at the time of his injuries in October 2003, he was a journeyman sheet metal worker.  On the day of his injury, Plaintiff was on a 12-foot ladder which twisted and collapsed causing Plaintiff to fall to the concrete floor.  Plaintiff suffered a fracture to his left wrist, a fracture of his left elbow and injury to his left shoulder.  Plaintiff described numerous surgeries involved in the treatment of these injuries.  Ultimately, a plate was inserted into Plaintiff's left wrist, and at present, he has essentially no range of motion in that joint.  Plaintiff also underwent surgery for a ruptured left rotator cuff, a subsequent arthroscopic procedure to the left shoulder, as well as complications including infections.  Plaintiff described extensive physical therapy he underwent both before and after the surgeries to his wrist and elbow.  During his testimony,

7

Plaintiff also graphically demonstrated the limitations to the range of motion of his left elbow and shoulder. Plaintiff's wife also testified, describing in detail his current limitations.

In closing summary, counsel for Plaintiffs argued that Plaintiffs were entitled to the maximum of $359,000, the maximum allowed by operation of Michigan law. MICH. COMP. LAWS § 600.2946a. As to economic damages, counsel for Plaintiffs proffered the report of an independent economic expert which concluded that Plaintiff Timothy Griese's future economic damages reduced to present value equaled $1,363,471.

After review and consideration of the testimony and documents presented at the hearing, I suggest that Plaintiffs' requests for pain and suffering, as well as economic damages, are properly substantiated. However, in light of the settlements already consummated with other Defendants, I suggest that the grant of the entire amount requested by Plaintiffs would result in a double recovery to the extent of those prior settlements, a result prohibited under Michigan law. *See Great Northern Packaging, Inc. v. Gen. Tire & Rubber Co.*, 154 Mich. App 777, 781; 399 N.W.2d 408 (1986), I therefore suggest that the $250,000 already received by Plaintiffs in settlement of their claims against Defendants Bauer and Fastenal be subtracted, leaving a net recovery against Defendant Strnad in the amount of $1,250,000, and that default judgment be entered against Defendant Strnad in that amount.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ *Charles E Binder*
    CHARLES E. BINDER
Dated: July 17, 2006    United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Nancy V. Dembinski, Lawrence A. Hurlburt, David B. Landry and H. William Reising, and served in the traditional manner on Honorable David M. Lawson.

Dated:  July 17, 2006    By    s/Mary E. Dobbick
    Secretary to Magistrate Judge Binder